ACTION ORTHOPEDICS,
INC., Plaintiff,

v.

TECHMEDICA, INC., Mark Distin,
and Roy Fiebiger, Defendants.

No. 89–1180–Civ–T–17(B).

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 7, 1991.

R. Nathan Hightower, McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, Fla., Mitchell A. Kramer & Associates, Philadelphia, Pa., for plaintiff.

Peter J. Grilli, Alpert, Josey & Grilli, P.A., Tampa, Fla., for defendants.

## ORDER ON MOTION FOR FINAL JUDGMENT

KOVACHEVICH, District Judge.

This cause of action is before the Court on Plaintiff Action Orthopedics, Inc.'s (hereafter "AOI") motion for final judgment filed on August 6, 1991, and amended response thereto, filed August 30, 1991.

### FACTS

On August 25, 1989, AOI filed a complaint against Defendant Techmedica, Inc. (hereafter "Techmedica"), alleging breach of contract, breach of the covenant of good faith and fair dealing, and interference with business relations. Techmedica answered the complaint and filed a counterclaim against AOI for collection of payments for goods received.

Eventually, this action was referred to Court Annexed Arbitration pursuant to the Local Rules of the Middle District of Florida. On May 31, 1991, arbitration proceedings were held. The arbitrators awarded AOI $50,000.00 on its complaint, and awarded Techmedica $13,000.00 on its counterclaim. No attorney's fees were allowed.

On June 28, 1991, pursuant to Rule 8.06 of the Rules of the United States District Court for the Middle District of Florida, AOI filed a demand for a trial de novo. This motion applied solely to the arbitration award regarding AOI's original complaint and the arbitrators' denial of attorney's fees. The motion specifically excluded a request for trial de novo on the arbitration award regarding Techmedica's counterclaim.

Techmedica did not file a demand for trial de novo. However, on July 16, 1991, Techmedica filed an objection to AOI's demand for trial de novo. Techmedica claimed that AOI's demand was improper because it challenged only a portion of the arbitration award rather than the entire award. On July 26, 1991, AOI filed a response to Techmedica's objection.

On August 6, 1991, AOI filed its motion for final judgment pursuant to Local Rule 8.05(b). AOI contends that because neither party filed a demand for trial de novo as to Techmedica's counterclaim, final judgment should be entered as to that claim only.

## DISCUSSION

The issue before the Court is whether a party is entitled to demand trial de novo as to a portion of an arbitration award under the Local Rules for Court Annexed Arbitration in the Middle District of Florida.

In answering this question in the negative, the Court first looks at the language of the local rules. Rule 8.06(b) provides:

*Upon a demand for trial de novo the action shall be placed on the calendar of the Court and treated for all purposes as if it had not been referred to arbitration,* and any right of trial by jury shall be preserved inviolate. (Emphasis added.)

The rules do not provide for a partial demand for trial de novo of an arbitration award. In fact, the wording of the rules suggest that upon any demand for trial de novo, the entire "action" is placed back on to the calendar of the Court as if it never went to arbitration in the first place. A contrary result is not supported by the language of the rule.

Allowing demand for trial de novo only as to a portion of an arbitration award would greatly weaken the Court Annexed Arbitration Program. First, the Court would be required to analyze the entire arbitration proceeding to determine whether the contested issues were decided based upon their own merits. This would lead to the parties bringing the arbitrators into court to explain their decision making process. Arbitration would no longer be an efficient means of settling disputes. Matters referred to arbitration would eventually fill the court's calendar rather than alleviate the overcrowding problem.

Second, and more importantly, parties would not be able to rely on an arbitration award as the final word in their litigation with another party. Often, a party is willing to accept an arbitration award as to the entire conflict with another party as long as the whole matter is resolved. However, allowing partial demands for trial de novo would encourage lawyers to wait until the last hour to file a demand for trial de novo as to a portion of the arbitration award in order to gain a strategic advantage. Allowing such a demand places the party, who is willing to accept the arbitration award as to the entire action, at a disadvantage. They would be time barred from filing a demand for trial de novo as to the rest of the arbitration award that is not beneficial to their interests. This clearly creates an unjust result, and would likely lead to all parties filing a demand for trial de novo when they are only slightly dissatisfied with the arbitration results. The benefits of arbitration would be nonexistent.

For the foregoing reasons, a demand for trial de novo only as to a portion of an arbitration award is not permitted under the Local Rules for Court Annexed Arbitration in the Middle District of Florida.

ORDERED that the motion for final judgment as to Defendant's Counterclaim be denied, and that the Plaintiff's demand for trial de novo be treated as a demand for trial de novo of the entire action.

DONE and ORDERED.