STONE, J.,
dissenting.
I would deny the petition.
I would not apply Johnson v. Levine here. Instead, I would limit its application to claims involving multiple parties. I recognize that there is language in Johnson suggesting that the case applies to multiple claims as well as multiple parties, but, in my judgment, that language constitutes dicta.
In multiple count actions, where the arbitrator has ruled in favor of a party as to a portion of an arbitration award and adversely as to the remaining portion, I would adopt the reasoning in Action Orthopedics, Inc. v. Techmedica, Inc., 775 F.Supp. 390, (M.D.Fla.1991). There, the court concluded that a party is not entitled to demand a trial de novo as to the unfavorable portion of an arbitration award, alone. Id. at 391. Under the local rule of the middle district, such a demand is applicable to the entire arbitration decision. Id. In Action Orthopedics, the court discussed several policy reasons favoring such a procedure. Id. For example, if partial trials de novo are allowed, a party who is willing to accept the entire arbitration award (part favorable and part unfavorable) is placed at a disadvantage by a last-minute demand for a partial trial de novo by the adverse party, in which case the accepting party might be time-barred from filing a demand for trial de novo as to the rest of the award. Id. Such tactics will inevitably force all parties to demand a trial de novo, although they are otherwise willing to avoid trial, in order to protect themselves from such tactics.
Here, the defendant was put in a bind. The defendant had the right to ask for a *957 trial as to all counts, but was willing to abide by the entire decision of the arbitrator rather than risk trial. Therefore, the defendant remained silent until being hit, at the last minute, by the plaintiffs election. To put a party in this position defeats the purpose of the non-binding arbitration scheme, to ease the burden of trials on the court system.
Further, and in any event, I would not classify the claims in this case as totally unrelated. The arbitrator ruled in favor of the petitioner on a line of credit promissory note. Conversely, the arbitrator ruled against the petitioner on a side agreement involving security for the line of credit, which provided for payments to be made to charities out of proceeds received from an estate in lieu of putting up other security for the line of credit. Granted, the side agreement is not tied to the note as normal security might be, but the claims are sufficiently related to require trial on both.
At the very minimum in this close case, the trial court should have discretion to deny partial enforcement of the award, putting the burden on the plaintiff to take the award as entered or risk losing it all and, thereby, fulfilling the arbitration scheme.